UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DAVID DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-CV-85 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| MAYOR CLAUDE RAMSEY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Mayor Claude Ramsey pursuant to Fed. R. Civ. P. 12(b)(6) and the affirmative defense of qualified immunity (Court File No. 29). Plaintiff David Donaldson did not respond. For the following reasons, the Court will **GRANT** the motion and will **DISMISS** the complaint against Mayor Claude Ramsey.

**I.    RELEVANT FACTS**

Plaintiff David Donaldson ("Donaldson") complains his Eighth Amendment right was violated by the denial of medical treatment of a rash that developed on his leg while he was an inmate at the Hamilton County Workhouse ("Silverdale"). He alleges he sent a letter to Mayor Claude Ramsey ("Ramsey") about "needing help with paperwork and pill call" related to his injury and, while Ramsey's office sent a letter to Warden Dan Hobbs ("Hobbs") to look into the problem, Ramsey did not follow up to determine whether Donaldson's rights were violated (Court File No. 8).

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Donaldson alleges a violation of the Eighth Amendment for deprivation of medical treatment. Making all inferences in favor of the plaintiff, the complaint alleges Ramsey knew Donaldson was

not receiving medical treatment, asked Hobbs to look into the problem, and failed to take any further action. Any causal link between the failure to follow up on the letter to Hobbs and Donaldson's continued deprivation of medical treatment is based purely on speculation. Because the pleadings do not show causation between Donaldson's deprivation of medical treatment and Ramsey's failure to follow up on his letter requesting Hobbs look into the matter, Donaldson fails to state a claim upon which relief can be granted against Ramsey.

**IV. CONCLUSION**

As discussed above, Donaldson fails to state a claim against Ramsey. Therefore, the Court will **GRANT** Ramsey's motion to dismiss (Court File No. 29) and will **DISMISS** the amended complaint (Court File No. 8) against Ramsey.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

3