UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DAVID DONALDSON,       )
                                 )
       *Plaintiff*,      )
v.                          )     No.    1:08-cv-85
                                 )     *Chief Judge Curtis L. Collier*
MAYOR CLAUDE RAMSEY;     )
CORRECTIONS CORPORATION OF  )
AMERICA; OFFICER REMERIZ; OFFICER )
PULLEN; CAPTAIN SMITH; SERGEANT )
NEWSOM; MENTAL HEALTH DOCTOR )
MIS MONSON; WARDEN BOLDWIN,  )
WARDEN HOBBS; UNIT MANAGER   )
JONES, HAMILTON COUNTY      )
COMMISSIONERS; DR. DAVIS; OFFICER )
RUSSELL, JR.; NURSE SULLIVAN;   )
All Parties are Sued in Their       )
Official and Individual Capacities,   )
                               )
       *Defendants*.     )

## **MEMORANDUM**

Plaintiff David Donaldson ("Donaldson") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 3].   On March 17, 2009, a memorandum and order was mailed to Donaldson but was subsequently returned to the Court as unclaimed-no longer at this address. Donaldson was forewarned that failure to notify the Court of any address change within ten days following the change, would result in the dismissal of this action [Court File No. 3, p. 11; Court File Nos. 5, 7, 10, 35].

A copy of an order was mailed to Donaldson at CCA-Silverdale but was returned as unclaimed-no longer at this address.   Donaldson has not informed the Court of his current address. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case.   The Court's inability  to communicate with plaintiff and the Court's

interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Donaldson's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Donaldson due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Donaldson's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2